1  Thomas G. Mackey (SBN 174572)
   mackeyt@jacksonlewis.com
2  Tony Zhao (SBN 313328)
   Tony.Zhao@jacksonlewis.com
3  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
4  Los Angeles, California 90017-5408
   Tel:  (213) 689-0404
5  Fax:  (213) 689-0430

6  Attorneys for Defendant

7  EQUINOX HOLDINGS, INC.

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  KANDACE BORQUEZ | **CASE NO.:** 17-266 |
| 12              Plaintiff, | **NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S. C. §§ 1331 FEDERAL QUESTION JURISDICTION AND IN THE ALTERNATIVE 28 U.S.C. §§ 1332, 1441(a) AND (b) DIVERSITY JURISDICTION** |
| 13        vs. | |
| 14  EQUINOX HOLDINGS, INC., AND DOES 1 to 100 | |
| 15 | |
| 16              Defendants. | |
| 17 | (Filed concurrently with Notice of Interested Parties, Corporate Disclosure Statement and Civil Case Cover Sheet) |
| 18 | |
| 19 | |

20

21        TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT

22  FOR THE CENTRAL DISTRICT OF CALIFORNIA:

23        PLEASE  TAKE  NOTICE  that  Defendant  EQUINOX  HOLDINGS,  INC.

24  ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.

25  § 1331 and in the alternative the provisions of 28 U.S.C. §§ 1332, 1441(a) and 1441(b),

26  and removes the above-entitled action to this Court from the Superior Court of the State of

27  California in and for the County of Los Angeles.

28

1.    On December 2, 2016, Plaintiff KANDACE BORQUEZ ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles entitled BORQUEZ *vs.* EQUINOX HOLDINGS, INC. and DOES 1 to 100, Case No. BC 642849 which sets forth the following six causes of action: (1) the Fair Labor Standards Act ("FLSA"); (2) Wage and Hour Violation; (3) Wage Statement Penalty; (4) Waiting Time Penalty; (5) Meal and Rest Breaks; and (6) Unfair Competition ("Complaint").

2.    Defendant first received Plaintiff's Summons and Complaint and related court documents on December 13, 2016. A copy of the Summons, Complaint and other related court documents received by Defendant is attached as Exhibit "A."

3.    On January 9, 2017, Defendant filed and served its Answer in the Los Angeles County Superior Court. A true and correct copy of Defendant's Answer is attached as Exhibit "B."

4.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## **FEDERAL QUESTION JURISDICTION**

5.    Defendant may properly remove the Complaint on the basis of federal question jurisdiction under 28 U.S.C. § 1331 for the following reasons:

a.    "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

b.    As discussed above, Plaintiff's Complaint alleges six causes of action. Plaintiff's primary allegation is that Defendant did not pay her a minimum wage and overtime worked in violation to the FLSA. Plaintiff's FLSA claim is the first and central cause of action listed in her Complaint. Plaintiff's remaining state law claims pertain to the same underlying allegation of improper wage payment.

1      c. The FLSA is a federal statute. Accordingly, this Court has original

2   jurisdiction over Plaintiff's FLSA claim under 28 U.S.C. § 1331, making this action

3   appropriate for removal under 28 U.S.C. § 1441.

4      d. Although the FLSA provides that a suit "may be maintained in any

5   federal or state court of competent jurisdiction (29 U.S.C. § 216(b))," the United States

6   Supreme Court has found that this does not bar removal as it is not an express provision

7   barring removal under 28 U.S.C. § 1441 and district courts have original jurisdiction over

8   FLSA claims. *Breuer v. Jim's Concrete of Brevard, Inc.* (2003) 538 U.S. 691, 697.

9            **SUPPLEMENTAL JURISDICTION**

10    6. Plaintiff's state law claims are predicated on the same facts as her federal law

11  claim under the FLSA. All of these claims arise from the same set of transactions or

12  occurrences, and ordinarily would be expected to be tried in a single judicial proceeding.

13  As a result, this Court has supplemental jurisdiction over Plaintiff's state law claims. 28

14  U.S.C. § 1367.

15            **DIVERSITY JURISDICTION**

16    7. In the alternative, Defendant properly may remove the Complaint on the basis

17  of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because:

18     a. Plaintiff was, at the time of filing of the Complaint, and still is, a citizen

19  of the State of California within the meaning of 28 U.S.C. § 1332(a); Plaintiff resides in

20  Los Angeles County.

21     b. Defendant was, at the time of filing of the Complaint, and still is, a

22  citizen of the State of Delaware within the meaning of section 1332(c)(1), because it now

23  is and was at all times incorporated under the laws of that state.

24     c. Defendant also was, at the time of filing of the Complaint, and still is,

25  a citizen of the State of New York within the meaning of section 1332(c)(1), because its

26  principal place of business is the State of New York.

27     d. The presence of Doe defendants has no bearing on the diversity with

28  respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter,

the citizenship of defendants used under a fictitious name shall be disregarded.").

**AMOUNT IN CONTROVERSY**

8.      In determining whether the amount in controversy exceeds $75,000.00, the court must presume Plaintiff will prevail on her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001(C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth therein appropriately may be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840, n.1 (9th Cir. 2002), *citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

9.      Without conceding that Plaintiff will prevail on her claims, the amount in controversy in this action exceeds $75,000.00.  28 U.S.C. § 1332(a).  Where, as here, a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claims exceed the jurisdictional minimum. *Guglielmino v. McKee Foods, Corp*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996).  Here, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, for the following reasons:

a.      Plaintiff alleges that she was not paid a minimum wage and overtime and that she is therefore entitled to obtain back pay and interests under the FLSA. Plaintiff was employed from July 23, 2014 to October 16, 2016, which includes approximately 560 workdays. Plaintiff's ending base hourly wage was $10.50. Assuming Plaintiff was owed one hour of overtime pay each workday, the total damages for unpaid overtime would be $5880.

b.      Plaintiff alleges that she is entitled to liquidated damages under the

FLSA, which equals the amount of the alleged unpaid minimum wage and overtime and would be $5880.

       c.     Plaintiff alleges that she is entitled to wage statement penalties under Labor Code section 226(a), which would amount to a maximum of $4000.

       d.     Plaintiff alleges that she is entitled to a waiting time penalty in the amount of 30 times her daily wage. Based on Plaintiff's daily wage of $84, the alleged waiting time penalty would be $2520.

       e.     Plaintiff alleges meal and rest break violations on the basis of Labor Code § 512. Assuming Plaintiff missed one rest period and one meal break per day, she would be entitled to one hours' pay for each meal period and for each rest period missed. Based on Plaintiff's hourly wage of $10.50 and 560 workdays, the penalties would be $11760.

       f.     In addition, Plaintiff also alleges attorney fees and costs pursuant to 29 USC § 261(b), California Labor Code § 226 and § 1194, and California Code of Civil Procedure § 1021.5. Assuming a conservative hourly rate charged by Plaintiff's counsel of $350, and further assuming a somewhat conservative estimate that Plaintiff's counsel may spend 150 hours litigating this case through to a verdict at trial, Plaintiff's attorneys' fees could exceed $50,000.

     10.     Accordingly, in light of the above analysis of Plaintiff's possible recovery under the facts as alleged in his Complaint, Plaintiff's allegations more than satisfy the jurisdictional prerequisite for the amount in controversy. It cannot be said with legal certainty that Plaintiff would *not* be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.,* 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship,* 20 F.3d 383, 386-87 (10th Cir. 1994). Therefore, the alleged claims in Plaintiff's Complaint demonstrate that the amount in controversy exceeds the requirements under 28 U.S.C. §1332(a).

## **REMOVAL JURISDICTION**

11.     This Notice of Removal is filed within thirty (30) days after Defendant was served with a copy of the Summons and Complaint in this case, pursuant to California Civil Code sect. 415.30, and within one year after the state court action was filed.

12.     Venue lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§1391(a) and 1441(b), because the state court action was filed in this District and this is the judicial district in which the action arose.

WHEREFORE, Defendant pray that the above-action now pending against it in the Superior Court of the State of California, County of Los Angeles, be removed to this Court.

Respectfully submitted,

DATED:  January 12, 2017          JACKSON LEWIS LLP

By:     /s/ Thomas G. Mackey
        Thomas G. Mackey
        Tony Zhao

        Attorneys for Defendant
        EQUINOX HOLDINGS, INC.

**EXHIBIT "A"**

8

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Equinox Holdings, Inc., and Does 1 to 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Kandace Borquez

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 02 2016

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Los Angeles Superior Court, 111 N. Hill St., Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):* **BC642849**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Adam Rose, Law Office of Robert Starr, 23901 Calabasas Rd., #2072, Calabasas, CA 91302, (818) 225-9040

DATE: DEC 02 2016          SHERRI R. CARTER          Clerk, by _CRISTINA GRIJALVA_ , Deputy
*(Fecha)*                  *(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):* Equinox Holdings, Inc.
   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 12-13-16

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Adam M. Rose (210880)
adam@starrlaw.com
LAW OFFICE OF ROBERT L. STARR
23901 Calabasas Road, #2072
Calabasas, California 91302
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

Attorney for Plaintiff
Kandace Borquez

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 02 2016

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| KANDACE BORQUEZ, | ) | NO. BC 6 4 2 8 4 9 |
| Plaintiff, | ) | COMPLAINT |
| v. | ) | 1. FAIR LABOR STANDARDS ACT |
| EQUINOX HOLDINGS, INC., and DOES 1 to 100, | ) | 2. WAGE AND HOUR VIOLATION |
| | ) | 3. WAGE STATEMENT PENALTY |
| | ) | 4. WAITING TIME PENALTY |
| Defendants. | ) | 5. MEAL AND REST BREAKS |
| | ) | 6. UNFAIR COMPETITION |

PRELIMINARY ALLEGATIONS

1. Plaintiff Kandace Borquez ("Borquez") is a resident of Los Angeles County.

2. Defendant Equinox Holdings, Inc. is a corporation that is qualified to do business in California.

3. Venue is proper in Los Angeles County because the obligation/liability arose at the Equinox locations in Encino and Woodland Hills.

4. The defendants violated the Labor Code and Fair Labor Standards Act by not paying the plaintiff all wages owed, not paying overtime, not providing rest and meal breaks, and not providing accurate, itemized wage statements.

5. Borquez does not know the true names and capacities of defendant Does 1 to 10 and therefore use fictitious names. The plaintiff will amend the complaint pursuant to Code of

-1-
COMPLAINT

1  Civil Procedure section 474 to allege the true names when they are ascertained.

2  6.    The plaintiff is informed and believe that each defendant was the agent, employee,

3  and/or joint venture of the other, and they ratified each other's acts.

4  7.    Defendants routinely manipulated Borquez's time records to show less time worked

5  than the actual amount of time that Borquez worked.

6  8.    When Borquez protested to Defendants about this improper practice, Defendants

7  retaliated against Borquez.

8  9.    Defendants did not respond to Borquez's request to obtain a copy of Borquez's

9  employee file pursuant to Labor Code section 226 and 1198.5; nonetheless Borquez will

10  send a PAGA letter to Defendants and amend the complaint 65 days after the letter is sent.

11

12                          FIRST CAUSE OF ACTION

13                   FAIR LABOR STANDARDS ACT VIOLATION

14                             Against All Defendants

15  10.   Plaintiff incorporates by reference paragraphs 1 to 9 of the complaint.

16  11.   The Fair Labor Standards Act regulates payment of minimum and overtime wages.

17  12.   An employee may file a lawsuit to recover for violations of the Fair Labor Standards

18  Act pursuant to 29 USC § 216(b).

19  13.   Per 29 USC § 216(b), an employee who brings a civil action under the FLSA may

20  obtain backpay, liquidated damages, injunctive relief, interest, and attorney fees.

21  14.   Liquidated damages under the Fair Labor Standards Act is double damages for

22  wages due. (See *Reich v. New England Telecomm. Corp.* (2nd Cir. 1997) 121 F.3d 58, 71.)

23  15.   Pursuant to 29 USC § 207, an employer must provide overtime wages when the

24  employee works more than 40 hours per week.

25  16.   Pursuant to 29 USC § 206, an employer must provide at least the minimum wage for

26  all hours worked.

27  17.   Since Defendants did not pay all overtime compensation, and in fact did not pay any

28  compensation at all, the plaintiff is entitled to all remedies under the FLSA.

-2-
COMPLAINT

18. The plaintiff's activities were undertaken for the employers' benefit and controlled or required by the employers and, if performed outside scheduled work time, then it was also an integral and indispensable part of the employees' principal activities.

19. The plaintiff/employee was employed to do work, and employer knew or should have known she was working.

20. The hours of work performed by the plaintiff/employee was reasonable in relation to the principal activity and not de minimis.

## SECOND CAUSE OF ACTION
## WAGE AND HOUR VIOLATION
### Against All Defendants

21. Plaintiff incorporates by reference paragraphs 1 to 9 of the complaint.

22. Defendants unlawfully did not pay the plaintiff/employee overtime wages as required by Labor Code sections 510 and 1194 and Wage Order 4.

23. The plaintiff is entitled to recover all minimum wage and overtime compensation that defendants did not pay as well as prejudgment interest from four years from the date of filing the complaint to the date judgment is entered.

24. The plaintiff is entitled to recover attorney fees and costs pursuant to Labor Code section 1194.

## THIRD CAUSE OF ACTION
## WAGE STATEMENT PENALTY
### Against All Defendants

25. Plaintiff incorporates by reference paragraphs 1 to 9 of the complaint.

26. Labor Code section 226(a) provides every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, an itemized wage statement, showing all wages paid, including all deductions.

-3-
COMPLAINT

27.     Defendants knowingly and intentionally did not furnish the plaintiff with accurate itemized statements required under Labor Code section 226(a).

28.     Labor Code Section 226(e) provides that an employee that suffers injury because of an employer's knowing and intentional failure(s) to comply with subdivision (a) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which the violation occurs and then $100 per employee for each subsequent pay period, not to exceed $4,000 per employee.

29.     Borquez seeks actual damages, costs, penalties and attorney fees under Labor Code section 226(g).

## FOURTH CAUSE OF ACTION
### WAITING TIME PENALTY
#### Against All Defendants

30.     Plaintiff incorporates by reference paragraphs 1 to 9 of the complaint.

31.     Labor Code section 203 provides for a waiting time penalty, which applies when an employer willfully does not pay the wages of an employee who is discharged or who quits. The waiting time penalty provides that the wages of the employee continue as a penalty at the employee's hourly rate until paid, not to exceed 30 days.

32.     Defendants willfully did not pay Plaintiff all accrued wages after they stopped working for Defendants.

33.     Borquez is entitled to 30 days of wages each as a waiting time penalty.

## FIFTH CAUSE OF ACTION
### MEAL AND REST BREAK VIOLATION
#### Against All Defendants

34.     Plaintiff incorporates by reference paragraphs 1 to 9 of the complaint.

35.     Labor Code section 512 provides that no employer may require an employee to work during any meal or rest period the applicable Wage Order mandates.

-4-

COMPLAINT

36. Employers must authorize rest periods of specified minimum duration.

37. Defendants did not give mandatory rest breaks and meal breaks to the Plaintiff.

38. Labor Code section 226.7(b) provides that an employer that does not provide rest and/or meal breaks must pay the employee one additional hour of premium pay at the employee's regular rate each time the break was not provided.

39. Borquez seeks compensation of one hour of wages each time they were not permitted to take a meal break and rest break.

SIXTH CAUSE OF ACTION

UNFAIR COMPETITION

Against All Defendants

40. Plaintiff incorporates by reference paragraphs 1 to 9 of the complaint.

41. Business and Professions Code section 17200 defines unfair competition as unlawful, unfair, or fraudulent business acts or practices.

42. Defendants engaged in unfair competition by not paying all wages and premium pay due to the plaintiff.

43. Pursuant to Business and Professions Code section 17203, Defendants should restore to Plaintiff all wrongfully retained wages.

44. Plaintiff requests attorney fees and costs pursuant to Code of Civil Procedure section 1021.5.

PRAYER

First Cause of Action

1. Relief under 29 USC § 216(b), including payment of unpaid minimum wages, unpaid overtime wages, up to an equal amount of liquidated damages for unpaid wages, interest, and attorney fees and costs.

///

///

Second Cause of Action

1.     Payment of all unpaid minimum wage and overtime compensation

2.     Attorney fees, costs, and prejudgment interest under Labor Code section 1194

3.     Other relief the court deems proper

Third Cause of Action

1.     Penalty under Labor Code section 226 not to exceed $4,000 for each plaintiff

2.     Attorney fees and costs under Labor Code section 226

3.     Other relief the court deems proper

Fourth Cause of Action

1.     Up to 30 days of the plaintiff's wages pursuant to Labor Code section 203

2.     Other relief the court deems proper

Fifth Cause of Action

1.     Premium pay for each missed rest break and each missed meal break

4.     Other relief the court deems proper

Sixth Cause of Action

1.     Restitution of all wrongfully withheld wages and premium pay

2.     Attorney fees under Code of Civil Procedure section 1021.5

3.     Other relief the court deems proper

Date: December 1, 2016                       LAW OFFICE OF ROBERT STARR

_____

Adam Rose
Attorney for Plaintiff
Kandace Borquez

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**
Case Number _____

BC 6 4 2 8 4 9

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 | |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Suzanne G. Bruguera | 71 | 729 | |
| Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Steven J. Kleifield | 324 | CCW | |
| Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | |
| Hon. Debre K. Weintraub | 47 | 507 | | | | | |

***Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ___DEC 0 2 2016___ SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev.06/16)
LASC Approved 05-06

**– NOTICE OF CASE ASSIGNMENT –**
**UNLIMITED CIVIL CASE**

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)<br>LASC Approved 04/11<br>For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".
   <small>(INSERT DATE)          (INSERT DATE)</small>

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# EXHIBIT "B"

1 | Thomas G. Mackey (Bar No. 174572)
2 | Tony Zhao (Bar No.313328)
  | JACKSON LEWIS LLP
3 | 725 South Figueroa Street, Suite 2500
  | Los Angeles, California 90017-5408
4 | (213) 689-0404 - Office
  | (213) 689-0430 – Fax
5 | mackeyt@jacksonlewis.com
  | tony.zhao@jacksonlewis.com
6 |
7 | Attorneys for Defendant
  | EQUINOX HOLDINGS, INC.

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 0 9 2017

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

8

9 SUPERIOR COURT FOR THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

10 CENTRAL DISTRICT, STANLY MOSK COURTHOUSE

11 KANDACE BORQUEZ;

**CASE NO. BC 642849**

12 Plaintiff,

[Assigned for all purposes to the Honorable Susan Bryant-Deason, Dept. 42]

13 vs.

14 EQUINOX HOLDINGS, INC., and DOES 1 to 100,

**DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER TO PLAINTIFF KANDACE BORQUEZ'S COMPLAINT**

15

16 Defendants.

Complaint Filed: December 2, 2016
Trial Date: Not Set

17

18

19 Defendant EQUINOX HOLDINGS, INC. ("Defendant") hereby responds to the Complaint

20 ("Complaint") filed by Plaintiff KANDACE BORQUEZ ("Plaintiff") as follows:

21 **GENERAL DENIAL**

22 Under the provisions of Section 431.30(d) of the Code of Civil Procedure, Defendant generally

23 and specifically denies each and every allegation contained in the unverified Complaint, and each cause

24 of action alleged therein, and denies that Plaintiff was injured or damaged as alleged, or at all.

25 **FIRST AFFIRMATIVE DEFENSE**

26 1. The Complaint as a whole, and each purported cause of action alleged therein, fails to state

27 facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

28

---

1

DEFENDANT EQUINOX HOLDINGS, INC'S ANSWER TO PLAINTIFF KANDACE BORQUEZ'S COMPLAINT

**SECOND AFFIRMATIVE DEFENSE**

2.     The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to those set forth in California Code of Civil Procedure sections 337, 338, 339 and 340, California Business and Professions Code section 17208, and Portal-to-Portal Act, 29 U.S.C. § 255.

**THIRD AFFIRMATIVE DEFENSE**

3.     The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiff failed to exhaust her administrative remedies under California Labor Code sections 98-98.2.

**FOURTH AFFIRMATIVE DEFENSE**

4.     Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrines of laches, estoppel, waiver and unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

5.     Plaintiff's claim for itemized-wage-statements penalties under Labor Code Section 226 is barred, in whole or in part, because Defendant's conduct was not knowing and intentional.

**SIXTH AFFIRMATIVE DEFENSE**

6.     Plaintiff's claim for waiting-time penalties under Labor Code Section 203 is barred, in whole or in part, because Defendant's conduct was not willful.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     Defendant denies any liability under or within the meaning of the FLSA as regards minimum wage and overtime compensation. However, to the extent that the Court may determine that Defendant' acts or omissions cast it in liability under such statute, Plaintiffs' claim for liquidated damages are, nonetheless, barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

///

///

DEFENDANT EQUINOX HOLDINGS, INC'S ANSWER TO PLAINTIFF KANDACE BORQUEZ'S COMPLAINT

**EIGHTH AFFIRMATIVE DEFENSE**

8.     Defendant asserts that it is not subject to liability under the FLSA and that this action should be barred because any "act or omission complained of was in good faith in conformity with and in reliance on . . . administrative practice or enforcement policy of a [United States] agency with respect to the class of employers to which [Defendants] belong[s]," in accordance with the Portal-to-Portal Act, 29 U.S.C. § 258.

**WHEREFORE**, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by her Complaint;

2.     That the Complaint be dismissed in its entirety with prejudice;

3.     That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.     For cost of suits incurred herein including reasonable attorneys' fees; and

5.     For such other and further relief as the Court deems just and equitable.

Dated:  January 9, 2017                    JACKSON LEWIS LLP

By:_____

Thomas G. Mackey
Tony Zhao

Attorneys for Defendant
EQUINOX HOLDINGS, INC.

DEFENDANT EQUINOX HOLDINGS, INC'S ANSWER TO PLAINTIFF KANDACE BORQUEZ'S COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

CASE NAME: *BORQUEZ vs. EQUINOX HOLDINGS, INC., et al.*

CASE NUMBER: **BC642849**

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

    On January 9, 2017, I served the foregoing document described as: **DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER TO PLAINTIFF KANDACE BORQUEZ'S COMPLAINT** in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Adam M. Rose
LAW OFFICES OF ROBERT L. STARR
23901 Calabasas Road, #2072
Calabasas, California 91302

Attorneys for Plaintiff
KANDACE BORQUEZ

Telephone: (818) 225-9040
Facsimile : (818) 225-9042
Email: adam@starrlaw.com

**XX]**   **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]**   **STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on January 9, 2017 at Los Angeles, California.

Marjorie Sasseen

4
DEFENDANT EQUINOX HOLDINGS, INC'S ANSWER TO PLAINTIFF KANDACE BORQUEZ'S COMPLAINT