Adam M. Rose (210880)
adam@starrlaw.com
LAW OFFICE OF ROBERT L. STARR
23901 Calabasas Road, #2072
Calabasas, California 91302
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

Attorney for Plaintiff
Kandace Borquez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANDACE BORQUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>EQUINOX HOLDINGS, INC.,<br>and DOES 1 to 10,<br><br>        Defendants. | NO.   CV17-0266-JFW (FFMx)<br><br>PLAINTIFF KANDACE<br>BORQUEZ'S TRIAL BRIEF<br><br>Date: September 12, 2017<br>Time: 8:30 a.m.<br>Ctrm: 7A |

I.     INTRODUCTION

Kandace Borquez worked as a membership adviser for Equinox at its Encino and Woodland Hills locations as a membership adviser for Defendant from April 2, 2015 through October 16, 2016. In her capacity as a membership advisor, Kandace Borquez's job responsibilities included identifying potential fitness club members and selling club memberships.

Kandace Borquez was not paid for off the clock, meaning time that was worked outside of scheduled hours. Events that might lead to off the clock hours includeworking with new members, organizing files, or taking care of other things that would come up outside of official shift hours.

II.     SUMMARY OF CLAIMS

(a)     The claims that plaintiff has pled and intends to pursue are the following:

Claim 1:     Unpaid off the clock time (FLSA and Labor Code)

Claim 2:     Missed meal periods

Claim 3:     Missed rest periods

Claim 4:     Waiting time penalty

Claim 5:     Wage statement penalty

Claim 6:     Unfair competition

(b)     Elements to prove the claims:

Claim 1:     Fair Labor Standards Act violation for unpaid wages:

a.     Plaintiff was employed by a covered defendant, and the defendant did not pay plaintiff minimum wage or overtime as required by law. *Hensley v. MacMillan Bloedel Containers, Inc.* 786 F.2d 353 (8th Cir. 1986).

b.     A covered defendant employs persons who are engaged in commerce or the production of goods for commerce. 29 U.S.C. § 206(a). A covered defendant is also an enterprise that is engaged in commerce or the production of goods for commerce that had annual gross sales of at least $500,000. 29 U.S.C. § 203(s).

c.     Defendant did not pay plaintiff the minimum wage for all hours worked by plaintiff in one or more workweeks and/or overtime pay for all hours worked by over 40 hours in one or more workweeks. 29 U.S.C. §§ 206-207; 29 U.S.C. § 215.

d.     If the defendant did not maintain records of the plaintiff's hours worked or that the records kept by the defendant are inaccurate, plaintiff's estimate of hours worked must be accepted. *Anderson v. Mr. Clemens Pottery Co.*, 328 U.S. 680 (1946).

e.     The damages are the amount plaintiff should have been paid less what defendant paid plaintiff for each workweek. 29 U.S.C. § 216.

f.     If the nonpayment of plaintiff's wages was willful, liquidated damages apply. 29 U.S.C. § 216.

Claim 1:   Labor Code violation for unpaid wages – elements to prove claim

a.   Plaintiff performed work for defendant;

b.   Plaintiff was paid less than the minimum wage and/or worked overtime and not paid the overtime rate;

c.   Amount of pay owed;

d.   If defendant did not keep accurate records of plaintiff's work, then plaintiff may make a reasonable estimate.

*See* CACI 2701-2703.

Claim 2:   Meal period violation – elements to prove claim

a.   Employer may not employ an employee for more than five hours without providing a meal period of at least 30 minutes;

b.   Employer may not require an employee to work during a meal period;

c.   If there is a violation the remedy is premium pay.

*See* Cal. Lab. Code, § 226.7, 512, and IWC Wage Order 10.

Claim 3:   Rest period violation – elements to prove claim

a.   Employer may not employ an employee for more than four hours without providing a rest period of at least 10 minutes;

b.   Employer may not require an employee to work during a rest period;

c.   If there is a violation, the remedy is premium pay.

*See* Cal. Lab. Code, § 226.7, and IWC Wage Order 10.

Claim 4:   Waiting time penalty – elements to prove claim

a.   Date on which employment ended

b.   Defendant did not pay all wages that were due

c.   Plaintiff's daily wage rate at the time the employment ended

d.   Defendant willfully failed to pay the wages

*See* CACI 2704, and Cal. Lab. Code, § 203.

Claim 5:   Wage statement penalty – elements to prove claim
a.   Wage statement did not comply with Cal. Lab. Code, § 226(a)
b.   Employee suffering injury as a result of noncompliance with subdivision (a) is entitled to the penalties and fees in subdivision (e)
c.   Employee suffers injury under subdivision (e) if the information provided by subdivision (a) is not accurate
d.   Not timely providing wage statements on request is an additional penalty of $750 pursuant to subdivision (f)
*See* Cal. Lab. Code, § 226.

Claim 6:   Unfair Competition Law – elements to prove claim
a.   Defendant engaged in unlawful, unfair, or fraudulent business acts or practices
b.   Plaintiff suffered injury because of the unfair competition
c.   Restitution of wrongfully withheld money or property
*See* Cal. Bus. & Prof. Code, § 17200 et seq.

(c)   Description of evidence in support of claims

The key evidence is still in Equinox's possession, which are records from Salesforce that show work activity outside of shift hours. However, plaintiff's recitation of how she was not paid accurately in view of the time records that were provided by Equinox, and did not receive all her meal and rest breaks, will be corroborated by plaintiff's and the witnesses' testimony.

III.   ATTORNEYS' FEES

Plaintiff may recover attorney fees under the Fair Labor Standards Act, and Cal. Lab. Code, §§ 226 & 1194.

## IV. CONCLUSION

Equinox has been involved in other cases where it did not pay for off the clock time. For example, in *Leisinger-Reed, et al. v. Equinox Holdings, Inc., et al.*, Los Angeles Superior Court case number BC481860, Equinox settled a class action in 2015 for $4 million for unpaid off the clock work and missed meal and rest breaks.

Although Equinox has apparently instituted controls since this and other class actions, employees such as Kandace Borquez still worked off the clock and were not paid these wages, or missed meal and rest breaks and were not paid premium pay. The controls instituted by Equinox went as far as a level system, where if an employee allegedly missed a break, they would go to level 2, and missed breaks were tolerated up to level 5.

Nonetheless, even with the addition of the level system, Equinox still did not pay Kandace for all wages that were owed. These acts form the bases of the causes of action in the first amended complaint, and the facts, law, and evidence will be presented to the court at trial.

Date: August 28, 2017                                LAW OFFICE OF ROBERT STARR

/s/ Adam Rose
Attorney for Plaintiff
Kandace Borquez